IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| | § § | |
| SIGNATURE INDUSTRIAL SERVICES, LLC. | § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability; and to provide appropriate relief to Anthony West, Drew West, and Raymond West. As alleged with greater particularity in paragraphs 12 - 28 below, Signature Industrial Services discriminated against Anthony West, Drew West, and Raymond West, in violation of the ADA, by firing them from jobs for which they were well-qualified and which they were performing well. Although their shared medical condition (Hemophilia A) did not affect the West brothers' doing their jobs, the President and Vice-President of Signature Industrial Services instructed lower management to fire the West brothers because "the expense of providing [them] health insurance was costing the company too much money."

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

1

reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights of Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas, Beaumont Division.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Signature Industrial Services, LLC (SIS), is a Texas limited liability company. At all relevant times, Signature Industrial Services has been doing business in the State of Texas and the city of Beaumont, and has continuously had at least 15 employees. Signature Industrial Services currently has over 200 employees. Signature Industrial Services may be served by serving its registered agent for service of process, Robert B. Dunham, 4180 Delaware St., Suite 301, Beaumont, TX 77706.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Drew West, Raymond West, and Anthony West filed charges with the Commission alleging violations of the ADA by Defendant.

8. On January 30, 2017, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that the ADA was violated, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission attempted multiple times to engage in communications with SIS to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. On April 11, 2017, the Commission issued to Defendant Notices of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. On or about July 3, 2013, Defendant engaged in unlawful employment practices at the Exxon/Mobil facility in Beaumont, Texas, in violation of Sections 101 et. seq. of Title I of the ADA, 42 U.S.C. § 12101 et seq.,

13. Anthony West is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Anthony West has an impairment, hemophilia A, that substantially limits major life activities and major bodily functions -- including, but not limited to, impaired and limited circulatory function that inhibits healing and

recovering from minor scrapes, bruises, and injuries -- and/or Anthony West has a record of an impairment, hemophilia A, that substantially limits major life activities and/or Defendant regarded Anthony West as having a disability by subjecting him to an adverse employment action [termination] because of an actual or perceived impairment, hemophilia.

14. Drew West is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Drew West has an impairment, hemophilia, that substantially limits major life activities and major bodily functions -- including, but not limited to, impaired and limited circulatory function that inhibits healing and recovering from minor scrapes, bruises, and injuries -- and/or Drew West has a record of an impairment, hemophilia A, that substantially limits major life activities and/or Defendant regarded Drew West as having a disability by subjecting him to an adverse employment action [termination] because of an actual or perceived impairment, hemophilia.

15. Raymond West is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Raymond West has an impairment, hemophilia A, that substantially limits major life activities and major bodily functions -- including, but not limited to, impaired and limited circulatory function that inhibits healing and recovering from minor scrapes, bruises, and injuries -- and/or Raymond West has a record of an impairment, hemophilia A, that substantially limits major life activities and/or Defendant regarded Raymond West as having a disability by subjecting him to an adverse employment action [termination] because of an actual or perceived impairment, hemophilia.

16. Drew West and Anthony West were working at the Exxon/Mobil refinery in Beaumont when Defendant Signature Industrial Services was awarded a contract to perform mechanical work at the facility. Around December 2011, Drew West and Anthony West "rolled

over" to become employees of Defendant SIS.

17. Drew West was classified as a Mechanic A. Anthony West was classified as a Boilermaker when he began with SIS, but during the course of his work he was promoted from his $24/hour Boilermaker position to a $32/hour position in Quality Control.

18. David White was SIS's Project Manager for the Exxon/Mobil refinery job beginning at or about the time SIS began performing work at the facility. Todd Goss was the direct supervisor of Drew West, Anthony West, and other workers at the site. Goss reported to White. White reported directly to Jeff Ogden, SIS's President; Claude Wilhelm, SIS's Vice-President of Operations; and Wayne Townsend, Owner.

19. During the process of transitioning the "rolled over" workers on to the SIS payroll and benefits, Townsend learned about the West brothers' hemophilia. Anthony West told SIS about his genetic disorder during the process of signing up for the health insurance provided through the company.

20. Around June 2012, when SIS's contract with a health insurer was expiring, Ogden and Wilhelm found out about a potential spike in the company's insurance costs caused by Drew West's and Anthony West's blood disorder. They instructed White to terminate the employment of Drew West and Anthony West.

21. White refused to fire Drew West. White refused to fire Anthony West. Drew West and Anthony West were good workers.

22. SIS hired Raymond West in January 2013. Raymond West had the job title Mechanic B.

23. Ogden and Wilhelm asked White to fire Raymond West because of what they perceived as the potential for an additional spike in the company's insurance costs. White

5

refused to fire Raymond West.

24. White stopped working at the refinery in April 2013.

25. After White stopped working at the site, SIS management instructed the West brothers' direct supervisor, Goss, to fire the West brothers. Goss did not want to fire the West brothers, because they were good workers. SIS management advised Goss that if he refused to fire the West brothers, SIS would fire Goss.

26. On July 3, 2013, Goss told Anthony West, Drew West, and Raymond West that SIS was terminating their employment.

27. Goss told the West brothers that he did not want to let them go, but that upper management insisted that he fire them. Goss showed the West brothers the written directive he received from his bosses.

28. Other than the West brothers, no SIS employees at the Beaumont Exxon/Mobil facility were terminated on July 3, 2013.

29. The effect of the practices complained of in paragraphs 12 - 28 above has been to deprive Anthony West, Drew West, and Raymond West of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

30. The unlawful employment practices complained of in paragraphs 12-28 above were intentional.

31. The unlawful employment practices complained of in paragraphs 12-28 above were done with malice or with reckless indifference to the federally protected rights of Anthony West, Drew West, and Raymond West.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Signature Industrial Services, LLC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from firing or failing to hire employees with disabilities because of their disabilities, and specifically from discriminating against workers whose disabilities necessitate the use of expensive prescription drugs.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and provide equal employment opportunities for workers whose impairments and disabilities require the use of prescription medicine, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Anthony West, Drew West, and Raymond West, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Anthony West, Drew West, and Raymond West, or, in the alternative, front pay.

D. Order Defendant to make whole Anthony West, Drew West, and Raymond West by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-28 above, including job search expenses and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Anthony West, Drew West, and Raymond West by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12-28 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay Anthony West, Drew West, and Raymond West punitive damages for its malicious and reckless conduct, as described in paragraphs 12-28 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

Rudy L. Sustaita
Regional Attorney
Rose Adewale-Mendes
Supervisory Trial Attorney

__/s/_Timothy_M._Bowne_____
Timothy M. Bowne
Trial Attorney
Lead Attorney
Texas Bar No. 00793371
Equal Employment Opportunity Commission
1919 Smith Street, Suite 600
Houston, Texas 77002
(713) 651-4914
(713) 651-7995 [facsimile]
timothy.bowne@eeoc.gov